IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ZACHARY RICHARDSON and MATTHEW PARKER, | ) ) ) |
| *Plaintiffs*, | ) CASE NO. _____ ) |
| v. | ) JURY DEMAND ) |
| WHISKEY ROW NASHVILLE, LLC | ) ) |
| *Defendant*. | ) ) |

## COMPLAINT

1. Plaintiffs Zachary Richardson and Matthew Parker ("Plaintiffs") bring this action against Defendant Whiskey Row Nashville, LLC ("Whiskey Row") to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2. Whiskey Row employs those who work at Dierks Bentley's Whiskey Row gastropub in downtown Nashville, Tennessee, including bartenders, servers, barbacks, and food-runners. During the three-year period preceding the filing of this lawsuit, Whiskey Row has employed hundreds of tipped employees, including bartenders, servers, barbacks, and food-runners, who are paid an hourly rate lower than the minimum wage of $7.25 per hour and relied on customer tips to satisfy its minimum and overtime wage obligations to its tipped employees pursuant to the "tip credit" provision of the FLSA. However, Whiskey Row improperly paid this lower tipped hourly rate to all of its bartenders, servers, barbacks, and food-runners.

### I. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to

1

28 U.S.C. § 1331.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Whiskey Row resides in this judicial district and because the claims arose in this judicial district.

## II. PARTIES

**A.  Plaintiffs**

5. Plaintiff Zachary Richardson is over the age of nineteen (19) and is a resident of St. Simons Island, Georgia. Plaintiff Richardson was employed by Whiskey Row as a barback from December 2017 to December 2018.

6. Plaintiff Matthew Parker is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff Parker was employed by Whiskey Row as a bartender from December 2017 to October 2019.

**B.  Defendant**

7. Defendant Whiskey Row Nashville, LLC is a Tennessee limited liability company doing business within this judicial district.

8. Defendant's principal office is 400 Broadway, Nashville, TN 37203-3931.

9. Defendant's registered agent is Incorp Services, Inc., located at 216 Centerview Drive, Suite 317, Brentwood, Tennessee 37027-3226.

## III. FACTS

10. Plaintiff Richardson was employed by Whiskey Row as a barback from December 2017 to December 2018.

11. Plaintiff Matthew Parker was employed by Whiskey Row as a bartender from December 2017 to October 2019.

12. Whiskey Row paid Plaintiff Richardson and Plaintiff Parker as an hourly wage below $7.25.

13. Whiskey Row paid is employees employed as bartenders, servers, barbacks, and/or food-runners for Whiskey Row in Nashville, Tennessee (collectively referred to herein as "Tipped Employees").

14. In seeking to comply with the FLSA mandate that employees receive a minimum wage of $7.25 per hour and a minimum overtime hourly rate of $10.88 per hour, Whiskey Row purported to utilize a "tip credit" for each hour worked by Plaintiff Richardson and Plaintiff Parker. *See* 29 U.S.C. § 203(m).

**A.  Whiskey Row keeps a portion of its Tipped Employees' earned tips.**

13. Plaintiff Parker and other bartenders were required to maintain "cash banks" (sometimes also referred to as "cash drawers") for the cash they used to process customers' bills and make change for the customers who chose to pay for their food and beverages with cash.

14. The cash maintained in these cash banks was part of Whiskey Row's business funds and part of its general operating revenue.

15. However, Whiskey Row did not provide coins to its bartenders, including Plaintiff Parker, for use in its cash banks—or in general—to make change for customers.

16. Rather, each bartender, including Plaintiff Parker, was given a cash bank of approximately $500 at the start of each shift.

17. This cash bank was only ever comprised of one-dollar and five-dollar bills.

18. Whiskey Row charged a 3% "tech fee" to each customer's total bill (regardless of whether the customer paid using cash or a credit card).

19. This "tech fee" was Whiskey Row's way of accounting for increases in product

costs without visibly raising the prices on its food and drink menus.

20. Instead of providing bartenders, including Plaintiff Parker, with coin money to provide customers with the exact change owed to them, Whiskey Row's management instructed bartenders, including Plaintiff Parker, to round the change up or down to the nearest dollar amount after applying the 3% tech fee to the customer's total bill.

21. Whiskey Row's specific policy was to have bartenders round down when a customer's bill ended in $0.49 or less and round up when a customer's bill ended in $0.50 or more. For example, if a customer's drink bill, after applying the mandatory "tech fee," totaled $5.15, the bartenders were consistently instructed by management to charge the customer $5.00. If a customer's drink bill, again after applying the required "tech fee," totaled $20.60, the bartenders were instructed to charge the customer $21.00. Only when a customer complained about being over-charged would management instruct the bartender to round the bill in favor of the customer.

22. At the end of each shift, the cash maintained by Plaintiff Parker and other bartenders would add up to incorrect amounts (in other words, an amount different from the amount that should be in the cash bank based on the sales for that shift).

23. When this occurred, Whiskey Row would deduct any shortfall in the amount of cash owed to the house off-the-top of the Tipped Employees' earned tips to ensure it did not suffer a loss.

24. Only after deducting any cash owed to the house, due to Defendant's cash-handling practices, would management then divide the remaining tips amongst the Tipped Employees, including barbacks like Plaintiff Richardson.

25. Whiskey Row also paid for various business supplies, such as a new money counter, pens, and rubber bands, using money management deducted off the top of earned tips.

4

26. These deductions resulted in the Whiskey Row's employees' earned tips, including Plaintiff Richardson's earned tips and Plaintiff Parker's earned tips, being paid to their employer, Whiskey Row.

27. These deductions occurred routinely and certainly every workweek.

**B. Whiskey Row required its Tipped Employees, including Plaintiffs, to work off-the-clock without pay on a regular basis.**

28. Whiskey Row had a policy and practice of automatically clocking out Tipped Employees, including Plaintiffs, who worked night shifts at 4 a.m. so that management could begin running computer reports and counting house earnings and tips for that shift.

29. This policy and practice resulted in Plaintiff Richardson, Plaintiff Parker, and other nighttime staff regularly working off-the-clock anywhere from 1 hour to 2 hours at the end of their night shifts while they completed cleaning.

30. Additionally, Whiskey Row required Plaintiff Richardson, Plaintiff Parker, and other Tipped Employees to attend mandatory staff meetings and facility cleanings off-the-clock.

31. These mandatory meetings and cleanings occurred at least once a month—if not more frequently—and lasted, on average, 3 to 4 hours.

**C. Whiskey Row required its Tipped Employees, including Plaintiffs, to purchase its merchandise apparel for their uniform, thus effectively paying them lower than $2.13 per hour.**

32. Whiskey Row required Plaintiff Richardson, Plaintiff Parker, and other Tipped Employees to purchase Whiskey Row official merchandise and other brand-name apparel to be worn as their work uniform.

33. Whiskey Row did not reimburse Plaintiffs or other Tipped Employees for these required uniform purchases.

34. Accordingly, Whiskey Row effectively paid Plaintiffs and other Tipped Employees

5

less than $2.13 per hour, as a result of these required purchases.

**D.  Whiskey Row required its Tipped Employees, including Plaintiffs, to spend more than 20% of their time performing non-tip-producing work activities.**

35. Whiskey Row required Plaintiff Richardson, Plaintiff Parker, and other Tipped Employees to spend more than 20% of their shift performing non-tip-producing work activities, including, but not limited to, cleaning tables, chairs, bar tops, stairwells, and elevators, and stocking liquor and cups.

36. These tasks were conducted at the beginning of their shifts prior to beginning their tip-producing tasks, throughout their shifts, and again at the end of their shifts after finishing their tip-producing tasks.

**E.  Whiskey Row required Plaintiffs to share their earned tips with it, so that it could pay a third-party consulting firm for business expenses.**

37. Whiskey Row had a policy and practice of deducting money—often amounting to hundreds of dollars each week—off-the-top of the tips eared by bartenders, barbacks, and food-runners, including Plaintiffs, to pay a third-party company it contracted with to review its liquor inventory and advise it on its beverage costs.

38. Specifically, Whiskey Row paid a company called Bevinco out of tips earned by its employees on a near daily—and most certainly—on a weekly basis.

39. When this occurred, the deductions were made by management before earned tips were distributed amongst the bartenders, barbacks, and food-runners.

### IV. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA

40. All previous paragraphs are incorporated as though fully set forth herein.

41. Defendant is an employer covered by the FLSA.

42. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

43. While restaurants may utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

44. Restaurants forfeit the tip credit when they "keep tips received by [their] employees for any purposes . . . ." 29 U.S.C. § 203(m).

45. Here, Whiskey Row kept tips earned by its Tipped Employees, including Plaintiffs, as a result of its improper deductions from their earned tips as alleged herein, including, but not limited to, tips deducted as a result of its 3% tech fee and cash rounding system, its use of employee tips to purchase business supplies, and its use of employee tips to pay a third party vendor for business services.

46. By making improper deductions from the tips earned by Tipped Employees, including Plaintiffs, Whiskey Row has improperly retained its employees' earned tips and forfeited its right to utilize the tip credit to satisfy its minimum wage obligations to Plaintiffs.

47. As such, Whiskey Row has violated the FLSA's minimum wage mandate by paying Plaintiffs an hourly wage below $7.25 for regular hours worked in a workweek and by unlawfully keeping a portion of their tips.

48. Restaurants may only take the tip credit for employees in an occupation in which the employee is qualified as a "tipped employee." 29 U.S.C. § 203(m).

49. Federal courts interpreting this statutory language also hold that restaurants lose their right to utilize a "tip credit" when their tipped employees spend more than 20 % of their shift performing non-tip-producing work.

50. By requiring Plaintiffs and other Tipped Employees to spend more than 20% of their shift performing non-tip-producing work as alleged herein, Whiskey Row has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Plaintiffs and other Tipped Employees.

51. As such, Whiskey Row has violated the FLSA's minimum wage mandate by paying Plaintiffs and other Tipped Employees an hourly wage below $7.25 for regular hours worked.

52. Further, by requiring its Tipped Employees, including Plaintiffs, to work off the clock without pay as alleged herein, including, but not limited to, clocking Tipped Employees out at the end of each night while they continued to work and requiring Tipped Employees to attend mandatory staff meetings and facility cleanings off-the-clock without pay, Whiskey Row has forfeited the tip credit and failed to pay Plaintiffs for all time worked at the statutory minimum wage of $7.25 per hour.

53. As such, Whiskey Row has violated the FLSA's minimum wage mandate by paying Plaintiffs and other Tipped Employees an hourly wage below $7.25 for regular hours worked.

54. In violating the FLSA, Whiskey Row has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

55. All previous paragraphs are incorporated as though fully set forth herein.

56. Defendant is an employer covered by the FLSA.

57. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207.

58. Minimum wage employees must receive one and one-half times the statutory

8

Case 3:21-cv-00006   Document 1   Filed 01/06/21   Page 8 of 13 PageID #: 8

minimum wage of $7.25 per hour, in other words $10.88 per hour, for every hour worked in excess of 40 in a workweek. *See* 29 U.S.C. §§ 206, 207.

59. While restaurants may utilize a "tip credit" to satisfy their minimum and overtime wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See, e.g.*, 29 U.S.C. §§ 203(m) and 203(t); 29 C.F.R. § 531.60.

60. Restaurants forfeit the tip credit when they "keep tips received by [their] employees for any purposes . . . ." 29 U.S.C. § 203(m).

61. Here, Whiskey Row kept tips earned by its Tipped Employees, including Plaintiffs, as a result of its improper deductions from their earned tips as alleged herein, including, but not limited to, tips deducted as a result of its 3% tech fee and cash rounding system, its use of employee tips to purchase business supplies, and its use of employee tips to pay a third party vendor for business services.

62. By making improper deductions from the tips earned by Tipped Employees, including Plaintiffs, Whiskey Row has improperly retained its employees' earned tips and forfeited its right to utilize the tip credit to satisfy its overtime wage obligations to Plaintiffs.

63. As such, Whiskey Row has violated the FLSA's overtime wage mandate by paying Plaintiffs and other Tipped Employees an hourly wage below $10.88 for all overtime hours (*i.e.*, hours worked in excess of 40 in a workweek) and by unlawfully keeping a portion of their tips.

64. Restaurants may only take the tip credit for employees in an occupation in which the employee is qualified as a "tipped employee." 29 U.S.C. § 203(m).

65. Federal courts interpreting this statutory language also hold that restaurants lose their right to utilize a "tip credit" when their tipped employees spend more than 20% of their shift performing non-tip-producing work.

9

66. By requiring Plaintiffs and other Tipped Employees to spend more than 20% of their shift performing non-tip-producing work as alleged herein, Whiskey Row has forfeited its right to utilize the "tip credit" in satisfying its overtime wage obligations to Plaintiffs and other Tipped Employees.

67. As such, Whiskey Row has violated the FLSA's overtime wage mandate by paying Plaintiffs and other Tipped Employees an hourly wage below $10.88 for all overtime hours (*i.e.*, hours worked in excess of 40 in a workweek).

68. Further, Whiskey Row required Tipped Employees to work off the clock without pay as alleged herein, including, but not limited to, clocking Tipped Employees out at the end of each night while they continued to work and requiring Tipped Employees to attend mandatory staff meetings and facility cleanings off-the-clock without pay.

69. Some of these off-the-clock hours were in excess of 40 in a workweek and therefore resulted in compensable overtime.

70. By requiring its Tipped Employees to work compensable overtime hours off the clock without pay as alleged herein, including, but not limited to, clocking Tipped Employees out at the end of each night while they continued to work and requiring Tipped Employees to attend mandatory staff meetings and facility cleanings off-the-clock without pay, Whiskey Row has forfeited the tip credit and failed to pay Plaintiffs and other Tipped Employees for all overtime hours worked (*i.e.*, hours worked in excess of 40 in a workweek) at an hourly wage of at least $10.88.

71. As such, Whiskey Row has violated the FLSA's overtime wage mandate by paying Plaintiffs and other Tipped Employees an hourly wage below $10.88 for all overtime hours (*i.e.*, hours worked in excess of 40 in a workweek).

10

Case 3:21-cv-00006   Document 1   Filed 01/06/21   Page 10 of 13 PageID #: 10

72. In violating the FLSA, Whiskey Row has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT III
## UNLAWFULL OFF-THE-CLOCK WORK

73. All previous paragraphs are incorporated as though fully set forth herein.

74. Defendant is an employer covered by the FLSA.

75. Under the FLSA, an employer must compensate employees for all hours worked. 29 U.S.C. § 206.

76. Whiskey Row regularly required Plaintiffs and other Tipped Employees to work off the clock without pay as alleged herein, including, but not limited to, clocking Tipped Employees out at the end of each night while they continued to work and requiring Tipped Employees to attend mandatory staff meetings and facility cleanings off-the-clock without pay.

77. By regularly requiring Plaintiffs and other Tipped Employees to work off the clock without pay, Whiskey Row has failed to pay Plaintiffs for all time worked at the statutory minimum and overtime wages.

78. In violating the FLSA, Whiskey Row has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT IV
## UNLAWFUL RETENTION OF EMPLOYEES' TIPS

79. All previous paragraphs are incorporated as though fully set forth herein.

80. Defendant is an employer covered by the FLSA.

81. The FLSA does not permit employers to "keep tips received by its employees for any purposes," regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m)(2)(B).

82. As alleged herein, Whiskey Row unlawfully retained its employees tips, including tips earned by Plaintiffs, by, among other things, maintaining a 3% tech fee and subsequent cash rounding system that regularly resulted in Plaintiffs and all other Tipped Employees being required to pay any shortfalls to Whiskey Row, by using tips earned by Plaintiffs and other Tipped Employees to pay for business supplies, and by using tips earned by Plaintiffs and other Tipped Employees to pay a third party vendor for business services.

83. When employers improperly keep employee tips, as Whiskey Row has here, they are liable for the full amount of all tips unlawfully kept by the employer, and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

84. In violating the FLSA, Whiskey Row has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. A finding that Whiskey Row has violated the FLSA with respect to how it paid Plaintiffs;

B. A finding that Whiskey Row's FLSA violations with respect to how it paid Plaintiffs are willful;

C. A judgment against Whiskey Row and in favor of Plaintiffs for compensation for all unpaid and underpaid wages that Whiskey Row has failed and refused to pay in violation of the FLSA;

D. A judgment against Whiskey Row and in favor of Plaintiffs for compensation for the amount of all tips unlawfully retained by Whiskey Row in violation of the FLSA;

E. Prejudgment interest to the fullest extent permitted under the law;

F. Liquidated damages to the fullest extent permitted under the FLSA;

G. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

H. Such other and further relief as this Court deems just and proper in equity and under the law.

## VII. JURY DEMAND

Plaintiffs demand a jury as to all claims so triable.

Date: January 6, 2021

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiff*